IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHELLE L.**[1]

        Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,**

        Defendant.

Civ. No. 3:22-cv-00562-CL

**OPINION AND ORDER**

---

**CLARKE**, United States Magistrate Judge.

    Plaintiff Michelle L. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 3. For the reasons provided below, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

---

[1]In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on November 7, 2019, with an alleged onset date of February 22, 2002. Tr. 163[2]. Plaintiff's application was denied on April 23, 2020, and again upon reconsideration on September 15, 2020. Tr. 67, 82. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 98–99, and a hearing was held on February 4, 2021. Tr. 31. At the hearing, Plaintiff amended her alleged onset date to January 1, 2019. Tr. 35. On March 30, 2021, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 44 years old on her amended alleged onset date. Tr. 35. She has a high school diploma and has past relevant work as a fast-food worker. Tr. 23, 202. Plaintiff alleges disability based on anxiety, depression, OCD, bi-polar 2, migraines, and diabetes. Tr. 201.

## DISABILITY ANALYIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

5.    Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.    The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The

Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from

July 1, 2020, through September 30, 2020. Tr. 18. The ALJ also found that there had been a

continuous 12-month period during which the Plaintiff did not engage in substantial gainful

activity. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments:

diabetes mellitus and migraine headaches. *Id.* At step three, the ALJ found that Plaintiff did not

have an impairment or combination thereof that met or medically equaled the severity of a listed

impairment. Tr. 20. The ALJ found that Plaintiff had the RFC to perform a full range of work at

all exertional levels with the following non-exertional limitations:

> [Plaintiff] can frequently climb ramps/stairs. She can never climb
> ladders/scaffolds. She should not have concentrated exposure to a
> loud noise environment. She should not have concentrated
> exposure to machinery causing vibrations. She should not work

around hazards, such as unprotected heights, operate heavy
machinery or operate a motor vehicle as part of her job
requirements.

Tr. 21. At step four, the ALJ determined that Plaintiff has past relevant work as a fast-food

worker and is still able to perform her past relevant work. Tr. 23. At step five, the ALJ found, in

light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs

existed in the national economy such that Plaintiff could sustain employment despite her

impairments. Tr. 24–25. The ALJ thus found Plaintiff was not disabled within the meaning of the

Act. Tr. 25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see

also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means

'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v.

Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of

the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*,

400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this

Court must review the decision of the Appeals Council to determine whether that decision is

supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts that remand is warranted because the ALJ erred in their RFC determination because: (1) the ALJ erred in their assessment of the medical opinion evidence; (2) the ALJ erred in their assessment of the Plaintiff's subjective symptom testimony; and (3) the ALJ erred in their assessment that Plaintiff did not meet or equal a listing of disability under step

three of the ALJ's evaluation. For the reasons that follow, the Court concludes that the ALJ did

not err in their assessment, and the Commissioner's decision is affirmed.

## I.      Step Three

At step three of the evaluation process, the ALJ must determine whether a claimant has

an impairment or combination of impairments that meets or equals an impairment listed in the

Appendix to the federal regulations (the "Listings"), 20 C.F.R. 404, subpart P, Appendix 1, and

must satisfy the duration requirement, 20 C.F.R. § 416.920(a)(4(iii). The listings describe "each

of the major body systems impairments [considered] to be severe enough to prevent an

individual from doing any gainful activity, regardless of his or her age, education, or work

experience." 20 C.F.R. §§ 404.1525. 416.925. An impairment "meets" a listing if it meets all of

the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that

manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

Plaintiff argues that the ALJ erred by finding that plaintiff did not meet the listing for

11.02 which pertains to seizures.

Migraines are not a listed impairment in the Listing of Impairments but may still meet or

equal an impairment listed in 11.02B or 11.02D. SSR 19-4P. In order to determine if a claimant

meets or equals the listing of 11.02B, the ALJ considers a detailed description of the headache

event from an acceptable medical source (AMS), the frequency of the headaches, adherence to

treatment, side effects of treatment, and limitations in functioning that occur because of the

headaches or side effects from the treatment. SSR 19-4P. Similarly, to qualify for 11.02D, the

same factors are assessed along with whether there are any marked limitations in physical

functioning, understanding, remembering, or applying information, interacting with others,

concentrating, persisting, or maintaining pace, or adapting or managing oneself. SSR 19-4P.

Plaintiff argues that because the ALJ did not establish the frequency of Plaintiff's migraines, the ALJ's conclusion that Plaintiff did not meet listing 11.02 is erroneous. Plaintiff's argument, however, is without merit.

At step three, it is the Plaintiff's burden to prove that they meet a listing. Plaintiff, however, presents no medical evidence from the relevant time period regarding her alleged migraines. While Plaintiff has a diagnosis for migraines, the only reference to Plaintiff's migraines made in her medical records from January 1, 2019, to her date list insured of December 31, 2023, is that her migraines are well controlled with treatment. Tr. 549. Based on the medical history, the Plaintiff does not meet the frequency requirement of 11.02.

## II.    Subjective Symptom Testimony

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony, specifically that the ALJ did not provide specific, clear and convincing reasons supported by substantial evidence in the record to discredit Plaintiff's testimony. Pl.'s Br. 10–12, ECF No. 12.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is

not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff claims that she testified to experiencing "severe" headaches at her hearing. Pl.'s Br. 11, ECF No. 12. However, Plaintiff only testified that she would call off work because she "had a headache or I was feeling anxious and throwing up." Tr. 37. Plaintiff did not elaborate on the intensity of her headaches and linked her vomiting to her anxiety, not as a symptom of her headaches. Plaintiff then made no other references to her headaches or migraines and attributed

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 *(S.S.A. Oct. 25, 2017)*.

her difficulties related to work as stemming from her anxiety. Tr. 37–51. Plaintiff's function

report also contains no reference to her migraines. Plaintiff does list migraines as a condition on

a pain questionnaire form. Tr. 269.

Here, the ALJ rejected Plaintiff's subjective symptom testimony. The ALJ rejected

Plaintiff's subjective symptom testimony because of inconsistencies with her activities of daily

living, inconsistencies with the medical record, and successful treatment of Plaintiff's migraines.

## A. Medical Record

In some circumstances, an ALJ may reject subjective complaints where the claimant's

"statements at her hearing do not comport with objective medical evidence in her medical

record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a

lack of objective evidence may not be the sole basis for rejecting a claimant's subjective

complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the record establishes that the ALJ properly considered the

objective medical record in discounting the Plaintiff's subjective symptom testimony. For

example, the ALJ considered the Plaintiff's diagnosis for migraines. Tr. 22–23. The ALJ also

considered the prescribed Imitrex, Nadalol, and sumatriptan medications. Tr. 22, 549. The ALJ

also took into account that the Nadalol and sumatriptan resulted in "well controlled" migraines.

Tr. 549. Plaintiff had only one other medical record regarding headaches during the relevant time

period, a record in which Plaintiff denied suffering from headaches. Tr. 530. As such, the

medical record provided clear and convincing reason to reject Plaintiff's testimony.

## B. Activities of Daily Living

Activities of daily living can form the basis for an ALJ to discount a claimant's testimony

in two ways: (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a

claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The ALJ cited Plaintiff's ability to prepare meals, clean her home, wash laundry, swim, shopping in stores once a week, and her three years working part time at the Dollar Store. Tr. 22. The Ninth Circuit has consistently held that modes levels of activity are not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))).

Here, however, Plaintiff's ability to work part time for three years is inconsistent with her subjective symptom complaints. As noted above, Plaintiff testified to having headaches and listed migraines on a pain questionnaire, but these migraines are also reportedly well controlled, and Plaintiff did not provide any testimony regarding the severity of the headaches or how they impact her ability to function in her daily life. While Plaintiff need not be utterly incapacitated, Plaintiff's symptoms do need to impact her ability to function, and the record reflects that migraines do not actually affect her activities of daily living.

## C. Treatment

A claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. §§ 404.1529(c)(3). For example, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Symptom improvement, however, must be weighed within the context of an "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods . . . are not inconsistent with disability.").

As noted above, Plaintiff testified to suffering from headaches and listed migraines in a pain questionnaire. Plaintiff's only records during the relevant period reflect a lack of headaches or migraines, and that her migraines were well controlled on medication. Tr. 530, 549. The ALJ therefore did not err in discounting Plaintiff's subjective symptom testimony.

**III.    The ALJ properly evaluated and credited the medical opinions.**

Under prior Social Security regulations, a hierarchy of medical opinions dictated the weight that must be given by an ALJ: treating doctors were generally given the most weight and non-examining doctors were generally given the least weight. *See* 20 C.F.R. §§ 404.1527, 416.927 (1991); 56 Fed. Reg. 36,932 (Aug. 1, 1991). For applications filed on or after March 27, 2017, the new regulations eliminate the old hierarchy of medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Plaintiff filed an application for disability insurance benefits on March 2, 2018.  Thus, the Commissioner's new regulations apply to the ALJ's assessment of this opinion. *See* 20 C.F.R. § 404.1520c; 82 Fed. Reg. 5844 (Jan. 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (correcting technical errors).

The new rules no longer provide for any inherent weight: "We [the SSA] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The SSA "considers" various medical opinions for claims filed on or after March 27, 2017, and determines which medical opinions are most persuasive. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). In evaluating which opinions are most persuasive, the ALJ considers several factors. The two most important factors are supportability & consistency. *Id.* Secondary factors include the relationship with the claimant, specialization, and other factors. *Id.* at 404.1520c(c), 416.920c(c).

State agency consultants Dr. Lauren Zimski and Dr. Rita Allbright both opined that Plaintiff should avoid concentrated exposure to noise and vibrations, and that she should avoid even moderate exposure to hazards such as heights and machinery. Tr. 79–80. The ALJ determined that the medical opinions were unpersuasive as it pertains to moderate exposure to hazards. Tr. 23. The ALJ assessed Plaintiff should have no exposure to hazards, such as unprotected heights, machinery, and operating a motor vehicle as part of her job, rather than avoiding even moderate exposure to these hazards. Tr. 23.

Plaintiff contends that the ALJ erred because exposure to loud noises, to vibrations from machinery, and exposure to hazards are unrelated to Plaintiff's migraines.

Plaintiff is incorrect, and the ALJ did not err. The ALJ found that Plaintiff should not be exposed to hazards because "the claimant testified that her impairments cause her to feel fatigued and make mistakes." Tr. 23. The Plaintiff identified loud noises as exacerbating her symptoms on her pain questionnaire, testified to being uncomfortable dealing with people, and having anxiety when grocery shopping. Tr. 39, 43, 270. It is a reasonable interpretation of the evidence

that the ALJ attributed these things to Plaintiff's anxiety, rather than her migraines. So long as

the ALJ's findings represent a reasonable interpretation of the evidence, the Court must uphold

them. "[I]f evidence exists to support more than one rational interpretation, we must defer to the

Commissioner's decision[.]" *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1193 (9th Cir.

2004). While Plaintiff does argue that the ALJ does not include Plaintiff's complaint of "bright

lights" in the RFC, it was unnecessary for the ALJ to do so given the subjective symptom

testimony was unreliable and there is no medical evidence to establish Plaintiff's alleged

migraine symptoms. *See Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015). The Court

finds no conflict here to resolve. The ALJ's decision is affirmed.

### ORDER

The ALJ did not err. The decision is AFFIRMED.

It is so ORDERED and DATED this _l l_ day of July, 2023.

_____
MARK D. CLARKE
United States Magistrate Judge